**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

COLIN FORAN,

              Plaintiff,

v.

ZENITH ACQUISITION CORPORATION, a New York corporation,

              Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### <u>JURISDICTION</u>

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### <u>VENUE</u>

3.  Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### <u>PARTIES</u>

4.  Plaintiff, Colin Foran, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Zenith Acquisition Corporation, is a New York corporation and a collection agency operating from an address at 220 John Glenn Drive, Suite 1, Amherst, New York, 14228, and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6). The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6.    Sometime before December 2005, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal Bally's account.

7.    Due to circumstances beyond the Plaintiff's control the account was not paid by the Plaintiff and it went into default with the creditor.

8.    Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

9.    On or about July 2006 through September 2006 the Plaintiff received phone calls from the Defendant attempting to collect the Plaintiff's Bally's account. These calls each individually constituted a "communication" as defined by FDCPA §1692a(2).

10.    During the collection calls on or about July 2006 through September 2006 representatives, employees and / or agents of the Defendant repeatedly

threatened the Plaintiff that they would take him to court if the Bally's account was not paid. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(3), e(4), e(5), e(10) and 1692f preface.

11.     During the collection calls on or about July 2006 through September 2006 representatives, employees and / or agents of the Defendant repeatedly threatened the Plaintiff that they would press criminal charges against him if he did not pay the Bally's account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(3), e(4), e(5), e(7), e(10) and 1692f preface.

12.     During the collection calls on or about July 2006 through September 2006 representatives, employees and / or agents of the Defendant repeatedly called the Plaintiff on his cell phone during business hours while attempting to collect the account after being repeatedly told by the Plaintiff that calls to his cell phone during business hours were inconvenient and not to call him during business hours. These actions constitute violations of the FDCPA including but not limited to 1692c(a)(1), 1692d preface, d(2) and 1692f preface.

13.     During the collection calls on or about July 2006 through September 2006 representatives, employees and / or agents of the Defendant repeatedly threatened the Plaintiff that they would place liens on anything that he owns if he did not pay the Bally's account. These actions constitute violations of the FDCPA

including but not limited to 1692d preface, d(2), 1692e preface, e(3), e(4), e(5), e(7), e(10) and 1692f preface.

14.    During the collection calls on or about July 2006 through September 2006 representatives, employees and / or agents of the Defendant repeatedly used language the natural consequence of which is to abuse the hearer including calling the Plaintiff a "scumbag" and telling the Plaintiff to "Get off your ass and get a job" while attempting to collect the Bally's account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(3), e(4), e(5), e(7), e(10) and 1692f preface.

15.    During the collection calls on or about July 2006 through September 2006 representatives, employees and / or agents of the Defendant repeatedly yelled at the Plaintiff while attempting to collect the Bally's account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2) and 1692f preface.

16.    The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

17.    The Defendant and its representatives, employees and / or agents above listed statements constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1).

18.     The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

19.     The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(3), e(4), e(5), e(7) and e(10).

20.     The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

21.     Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

22.     Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

23.     Defendant's actions as well as that of its representatives, employees and / or agents were negligent violations of the FDCPA.

24.     As a consequence of Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

**<u>TRIAL BY JURY</u>**

25.   The previous paragraphs are incorporated into this Count as if set forth in full.

26.   Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

 Fed. R. Civ. Pro. 38.

## COUNT I, FDCPA VIOLATIONS

27.   The previous paragraphs are incorporated into this Count as if set forth in full.

28.   The acts and omissions of the Defendant and its representatives, employees and

 / or agents constitute numerous and multiple violations of the FDCPA, including

 but not limited to § 1692c(a)(1), 1692d preface, d(2), §§ 1692e preface, e(3),

 e(4), e(5), e(7), e(10) and 1692f preface.

29.   Defendant's violations are negligent.

30.   Defendant's violations are multiple, willful and intentional.

31.   Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

 statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, RESPONDEAT SUPERIOR

32.   The previous paragraphs are incorporated into this Count as if set forth in full.

33.   The representatives and / or collectors at the Defendant were employees of and

 agents for the Defendant, were acting within the course and scope of their

 employment at the time of the incidents complained of herein and were under the

 direct supervision and control of the Defendant at all times mentioned herein.

34.   The negligence and actions of the representatives and / or collectors at the

 Defendant are imputed to their employer, the Defendant.

35.    As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

<u>**COUNT III, INVASION OF PRIVACY**</u>
<u>**UNREASONABLE INTRUSION UPON THE SECLUSION OF ANOTHER**</u>

36.    The previous paragraphs are incorporated into this Count as if set forth in full.

37.    Defendant and its representatives, employees and / or agents intentionally intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by repeatedly threatening the Plaintiff that they would take him to court if the Bally's account was not paid, repeatedly threatening the Plaintiff that they would press criminal charges against him if he did not pay the Bally's account, repeatedly calling the Plaintiff on his cell phone during business hours while attempting to collect the account after being repeatedly told by the Plaintiff that calls to his cell phone during business hours were inconvenient and not to call him during business hours, repeatedly threatening the Plaintiff that they would place liens on anything that he owns if he did not pay the Bally's account, repeatedly using language the natural consequence of which is to abuse the hearer including calling the Plaintiff a "scumbag" and telling the Plaintiff to "Get off your ass and get a job" while attempting to collect the Bally's account and repeatedly yelling at the Plaintiff while attempting to collect the Bally's account.

38.    Defendant and its representatives, employees and / or agents intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt that would be very offensive to a reasonable person in that position.

39.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and / or private concerns or affairs.

40.    The above listed intentional intrusion upon the Plaintiff by the Defendant and its representatives, employees and / or agents occurred in a way that would be highly offensive by a reasonable person.

41.    Plaintiff has been harmed because of the Defendant's invasion of privacy and has damages as a result of the invasion of privacy by the Defendant including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation and embarrassment because of such invasions of privacy by this Defendant.

42.    As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

<u>**PRAYER**</u>

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.      Actual damages under state and federal law, including actual damages under

        15  USC §1692k(a)(1).

2.      Statutory damages under 15 USC §1692k(a)(2)(A).

3.      Reasonable attorneys fees and costs pursuant to 15 USC §1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,


                                        _s/ David M. Larson_____
                                        David M. Larson, Esq.
                                        Attorney for the Plaintiff
                                        405 S. Cascade Avenue, Suite 305
                                        Colorado Springs, CO 80903
                                        (719) 473-0006


<u>Address of the Plaintiff:</u>
2920 W Pikes Peak Avenue
Colorado Springs, CO 80904